# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4381-17T1

STATE OF NEW JERSEY,

     Plaintiff-Appellant,

v.

BRANDON J. GILL,

     Defendant-Respondent.

_____

Argued January 16, 2019 – Decided January 31, 2019

Before Judges Nugent and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 14-07-0807.

Patrick F. Galdieri, II, Assistant Prosecutor, argued the cause for appellant (Andrew C. Carey, Middlesex County Prosecutor, attorney; Patrick F. Galdieri, II, of counsel and on the brief).

David R. Oakley argued the cause for respondent (Anderl & Oakley, PC, attorneys; David R. Oakley, of counsel and on the brief).

PER CURIAM

The State appeals from a May 18, 2018 order granting defendant Brandon Gill admission to pretrial intervention (PTI) over its objection. We affirm.

We have previously recounted the underlying facts in detail. State v. Gill, No. A-0611-15 (App. Div. Sept. 8, 2017) (slip op. at 1-8). However, we briefly summarize some of the background pertinent to this appeal. Defendant was a twenty-five year old, gainfully employed, Florida resident, and a veteran, currently serving in the United States Army Reserve. On the afternoon of April 25, 2014, defendant was asleep in his vehicle in the parking lot of a Target in South Brunswick. Defendant had driven from Florida the day before to meet his online girlfriend in New York City. He arrived at 3:00 a.m., after driving the entire day, and left the city at 5:00 a.m. to return to Florida. Police responded to the scene because there was a report the vehicle had been in the lot for eight hours with its engine running.

Officers asked defendant for his credentials, which he produced. They noticed defendant had become increasingly nervous during the questioning. They requested he step out of the car and asked whether he had any weapons in his possession. Without hesitation, defendant informed them he had a handgun in his glove compartment, an extra loaded magazine, a collapsible baton, and a knife, all of which officers recovered from his vehicle. The gun and the

magazine contained hollow-point bullets. Defendant was subsequently arrested and indicted for second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b), and fourth-degree possession of hollow-point bullets, N.J.S.A. 2C:39-3(f).

Defendant applied for admission to PTI. It is undisputed he had no criminal history, mental illness, or history of alcohol or drug abuse. The record reveals he was family-oriented. During his PTI interview, defendant informed the Criminal Division Manager (CDM) that he was unaware of New Jersey gun laws, and that the manner in which he possessed the gun was legal in Florida. He stated he would be separated from the military, and likely lose his employment, if the New Jersey charges were prosecuted.

Notwithstanding, the CDM recommended defendant not be admitted to PTI, and concluded defendant's offenses were "based on complete lack of fore-thought and ignorance" of New Jersey laws. The CDM found admission to PTI was inappropriate because defendant was charged with a second-degree crime and there was no causal connection between the crimes charged and the need for rehabilitation through PTI.

As a result, the prosecutor declined to consent to defendant's admission into PTI. Defendant appealed from the denial. Following oral argument, the

A-4381-17T1

trial court remanded the matter to the prosecutor for further consideration. After the prosecutor filed a second letter rejecting defendant's admission to PTI, a second hearing occurred and the trial court ordered defendant's admission into PTI over the State's objection. The trial court denied the State's motion for reconsideration, and on appeal we reversed and remanded for the State to further consider defendant's PTI application. Gill, slip op. at 22.

Pursuant to our instructions, the prosecutor issued a letter and again explained why the State would not consent to defendant's admission into PTI. Defendant appealed, and following oral argument, Judge Joseph Paone rendered a detailed oral opinion and entered an order compelling defendant's admission into PTI.

The judge painstakingly addressed and analyzed every argument raised by the State. He made detailed findings of fact and conclusions of law under the guidelines for PTI set forth in Rule 3:28 and N.J.S.A. 2C:43-12(e). The judge explained the State had failed to address how the information favorable to defendant weighed into its analysis of the PTI admission factors. Judge Paone further concluded the goals of PTI would be subverted by denying defendant's admission into the program because

> in this case PTI would, in conformance with the guidelines, provide an alternative to prosecution for

applicants who might be harmed by the imposition of criminal sanctions as presently administered when such an alternative can be expected to serve as sufficient sanction to deter criminal conduct. PTI would provide a mechanism for permitting the least burdensome form of prosecution possible for defendants charged with victimless offenses, provide assistance to criminal calendars in order to focus expenditures of criminal justice resources on matters involving serious criminality and severe correctional problems, and provide deterrence of future criminal or disorderly behavior by an applicant in a program of supervisory treatment.

Frankly, in view of the [Graves Act Clarification[1]], this is the rare case involving extraordinary and compelling circumstances that falls outside the heartland of the legislative policy to deter unauthorized gun possession. This [c]ourt therefore concludes that the State's reliance on the nature of the case, to the exclusion of a proper individualized analysis and consideration of the PTI factors uniquely related to this case, clearly subverts the goals underlying PTI and therefore constitutes a clear error in judgment which invariably constitutes a patent and gross abuse of discretion.

The judge's order was stayed and this appeal followed.

The State argues the following point:

POINT I – BECAUSE DEFENDANT DID NOT ESTABLISH BY CLEAR AND CONVINCING EVIDENCE THAT THE DECISION BY THE STATE

---

[1] The 2014 Clarification is available at http://www.nj.gov/oag/dcj/agguide/directives/Graves-Act-clarification-2014.pdf (Sept. 24, 2014).

TO REJECT HIS PTI APPLICATION WAS A PATENT AND GROSS ABUSE OF DISCRETION, THE TRIAL COURT ERRED IN ORDERING HIS ADMISSION INTO PTI OVER THE STATE'S OBJECTION.

The decision to admit a defendant to PTI is a "quintessentially prosecutorial function." State v. Roseman, 221 N.J. 611, 624 (2015) (quoting State v. Wallace, 146 N.J. 576, 582 (1996)). Thus, the scope of judicial review of a prosecutor's determination is severely limited. State v. Nwobu, 139 N.J. 236, 246 (1995); State v. Hermann, 80 N.J. 122, 127-28 (1979). Prosecutors have wide latitude in deciding whom to divert into the PTI program and whom to prosecute. Nwobu, 139 N.J. at 246. "Reviewing courts must accord the prosecutor 'extreme deference.'" State v. Waters, 439 N.J. Super. 215, 225-26 (App. Div. 2015) (quoting Nwobu, 139 N.J. at 246). "We must apply the same standard as the trial court. Therefore, we review the [trial court's ruling] of the prosecutor's decision de novo." Id. at 226.

"Judicial review serves to check only the 'most egregious examples of injustice and unfairness.'" State v. Negran, 178 N.J. 73, 82 (2003) (quoting State v. Leonardis, 73 N.J. 360, 384 (1977)). A reviewing court may order a defendant into PTI over a prosecutor's objection only if the defendant "clearly and convincingly establish[es] that the prosecutor's refusal to sanction admission

A-4381-17T1

into the program was based on a patent and gross abuse of . . . discretion[.]" Wallace, 146 N.J. at 582 (alteration in original) (quoting Leonardis, 73 N.J. at 382); see also State v. Benjamin, 228 N.J. 358, 374 (2017) ("[A] defendant may obtain a hearing to review the prosecutor's decision only after he or she has demonstrated in a motion that the prosecutor abused his or her discretion.").

An abuse of discretion is "manifest if defendant can show that a prosecutorial veto (a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment." Wallace, 146 N.J. at 583 (emphasis added) (quoting State v. Bender, 80 N.J. 84, 93 (1979)). "In order for such an abuse of discretion to rise to the level of 'patent and gross,' it must further be shown that the prosecutorial error complained of will clearly subvert the goals underlying [PTI]." Bender, 80 N.J. at 93. Absent evidence to the contrary, a reviewing court must assume the prosecutor considered all relevant factors in reaching its decision. State v. Dalglish, 86 N.J. 503, 509 (1981) (citing Bender, 80 N.J. at 94).

Having reviewed the record and considered the argument raised by the State, we affirm for the reasons expressed in Judge Paone's thorough opinion. Defendant presented circumstances to overcome the presumption against PTI

for individuals charged with second-degree offenses. The factors set forth in the Graves Act Clarification clearly favored defendant. We agree with the judge's conclusion that this case falls within the narrow band of cases, which meet the "clear error in judgment" standard.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4381-17T1